WILLIAM T. MERRIFIELD *vs.* E. M. PARRITT & others.

An agreement in writing, not sealed, whereby P., A., and two others, "a building committee," in consideration that M. would construct a building for a medical college by a time specified, and furnish materials therefor, agreed to pay him certain amounts according to the monthly estimates of an architect named, was signed by all the parties in person, except P., whose name, in his absence, but by his authority, was signed by A., without adding any thing to show that it was not affixed by P.'s own hand. P., on being told what had been done, said all was right, and afterwards did all he could to insure the completion of the building. After M. had commenced an action against the four members of the committee to recover for work done and materials furnished under this agreement, all the parties executed a second agreement, under seal, reciting that they had made the first, and that a third person had agreed to advance a sum of money to be secured by mortgage on the building, for the purpose of insuring its completion; and stipulating that M. should do certain additional work on the building, and have it finished by a certain time; that the sum so advanced should be applied, first, to pay for work thereafter done by M. on the building, and the remainder, if any, to pay for work and materials already furnished; and that nothing contained in this agreement should release or discharge the defendants from any debt already incurred under the original agreement, or be in any respect a waiver of that agreement. *Held*, that P.'s conduct subsequent to the affixing of his name by A. to the first agreement, was a ratification or adoption of A.'s act, and also rendered him liable as a party to the agreement, on the ground of an estoppel *in pais*.

*Held, also,* that the action could be maintained without showing a previous notice to the defendants of the exact sums due according to the monthly estimates of the architect, or a demand that they should pay the same.

*Held, further,* that the second agreement did not postpone or suspend the right of action on the first until the completion of the building, and that it was not necessary, in order to enable M. to recover in this action, to show that the whole of the sum advanced would be required to pay for the work done subsequently to the second agreement.

*It seems,* that a recital in a deed is an estoppel only in an action on the deed, or in an action brought to enforce rights arising under it.

ASSUMPSIT to recover for work done and materials furnished under a written agreement, purporting to be made on the 1st of September, 1850, between the plaintiff, of the first part, and all the defendants, Parritt, Andrews, Ballard, and Johnson, "a building committee, of the second part." Writ dated the 23d of July, 1851. Trial in this court, before *Bigelow*, J. at April term, 1852, and by him reported for the consideration of the whole court.

Merrifield *v.* Parritt & others.

By the terms of the agreement declared upon, the plaintiff, in consideration of the agreements of the defendants, agreed with them to construct a building on Union Hill, in the city of Worcester, for a medical college, and to furnish the materials therefor, and to complete the same on or before the first of May, 1851, according to a certain plan and specification, and at certain prices, the whole to be done under the superintendence of Elbridge Boyden, an architect, who was to make a monthly estimate of the materials procured for the building, and the labor done upon it by the plaintiff. "And the said Parritt, Andrews, Ballard, and Johnson, building committee as aforesaid, in consideration of the agreements on the part of said Merrifield," did " for themselves agree with said Merrifield " to pay him seventy-five per cent. upon every monthly estimate so made, and that when the building should be completed by Merrifield, and accepted by Boyden, they would pay Merrifield the whole balance which might be due him.   The conclusion of the agreement was as follows : " In testimony of which the parties have hereunto set their hands the day and year first aforesaid.   E. Morgan Parritt, John A. Andrews, Charles Ballard, William Johnson, Wm. T. Merrifield.   In presence of Elbridge Boyden."

All the defendants, except Parritt, admitted their signatures, and the plaintiff, in order to prove Parritt's signature, called Elbridge Boyden, who testified that Parritt was the active member of the building committee, in the business of erecting said building, from May to August, 1851; that Parritt told the witness that he had got the contract drawn at the office of Isaac Davis, Esquire; that as he was going away, he wished the witness to get the members of the building committee to sign it, saying that Dr. Andrews, one of the committee, would sign his (Parritt's) name ; that he had so directed Andrews, and had given him a writing to that effect.   This writing was not produced, although, as was admitted, notice had been given by the plaintiff to produce it. Boyden further testified that, after Parritt was gone, he carried the contract to the other members of the committee, who signed it; that Andrew signed the name of Parritt, saying

that he was directed so to do by Parritt, and showing to the witness a paper which the witness read, signed by Parritt, authorizing Andrews to sign the contract; that on the return of Parritt, the witness told him what he had done about getting the contract signed; that Parritt took one part of the contract, (which was executed in duplicate,) into his own possession, said all was right, carried it away, and afterwards continued to use his active efforts to ensure the completion of the building.

The three other defendants filed, as a part of their specification of defence, a copy of another agreement between the parties, dated the 8th of August, 1851; and the plaintiff offered in evidence the agreement itself, which was signed and sealed by the plaintiff and by all the defendants. The material facts of this agreement were as follows : " Wheieas the said parties, on the first day of September now last past, made an agreement relative to the erection of a building on Union Hill in said Worcester, and whereas, in pursuance of said agreement, the said party of the first part has erected said building in part, but, owing to the nonpayment of the several amounts now due him, he has suspended further operations upon said building, and the same remains incomplete and unfinished; and whereas John F. Pond, of said Worcester, for the purpose of ensuring the completion of said building, has agreed to advance, for the benefit of said parties of the second part, the sum of six thousand dollars in promissory notes to the satisfaction of said Merrifield," " to be secured by a mortgage on said estate." " Now, in consideration of the premises, the said party of the first part covenants and agrees with said parties of the second part that he will fully complete the erection of said building, and furnish materials therefor, according to the original plans, specifications, and prices set forth in said original contract, and " " that he will do and perform other work not included in said original contract," according to a schedule annexed, " the whole of which shall be done to the satisfaction of the architect of said building on or before the eighth day of February next; " " it being understood that said six thousand dollars, so advanced by said

Pond, shall be applied first to the payment of what the said party of the first part shall hereafter do upon said building and the disbursements which he shall hereafter make, and not for what has already been done upon the same or expended about the same, unless such sum, at the rates and prices before named, shall exceed the sum due for subsequent work."

"And said party of the first part agrees with said parties of the second part, that said Pond may be secured by a mortgage on said estate for said six thousand dollars, and that he will not enforce any lien which he claims to have on said estate to the injury or detriment of said mortgage, or of another mortgage of thirteen thousand and two hundred dollars now [held by said Pond] on said estate."

"And said parties of the second part covenant and agree with said Merrifield that they will extend the time for the completion of said building as aforesaid, and that said six thousand dollars may be appropriated as aforesaid, and that they will pay, for any additional work on said building not included in said covenant, reasonable prices;" " and that nothing herein contained shall release or discharge said parties of the second part from any debt already incurred under said original contract, and that this contract shall in no respect be a waiver of the same or any part thereof, but is additional thereto."

Parritt contended that upon this evidence the jury wou'd not be warranted in finding that the first contract was executed in such a manner as to bind him.

The defendants further contended that they were entitled, before action brought, to notice of the exact sums due according to the monthly estimates provided for in the first agreement, and to an actual request or demand to pay said sums.

It further appeared in evidence that the work agreed to be done under the second contract was not entirely complete; and the architect testified that he thought the whole $6000 paid under said contract would be required to complete it; but of this he could not testify with certainty.

50 *

The defendants also contended that under the second agreement all right of action under the original contract was postponed or suspended till the completion of the building.

The presiding judge, for the purposes of the trial, overruled all the objections of the defendants, and a verdict was taken by consent for the plaintiff, subject to the opinion of the whole court. Judgment was to be rendered on the verdict for the plaintiff, or the case ordered to a new trial, or such other disposition to be made of the case, as the court, upon the facts reported, should deem proper.

*H. Gray, Jr.* for the defendant Parritt. 1. The contract declared on was not well executed to bind Parritt. When an instrument is executed by attorney in the absence of the principal, the law, on grounds of public policy, requires that the form of signature should show by whose hand it was affixed; at least when that fact does not appear in the body of the contract, even an express authority to execute instruments "in the name of the principal," will not make a signature binding on him, in which the name of the attorney does not appear; and there is no distinction, in this respect, between deeds and contracts not under seal. *Wood* v. *Goodridge,* 6 Cush. 11 , 122. See also Story on Agency, §§ 147, 153, 154; Sugden on Powers, (1st Amer. ed.) 205; *Hopkins* v. *Mehaffy,* 11 S. & R. 126. 129; *Gardner* v. *Gardner,* 5 Cush. 483; *Baker* v. *Deming,* 8 Ad. & El. 97; *Smith* v. *Evans,* 1 Wils. 313; *Grayson* v. *Atkinson,* 2 Ves. sen. 459; Rev. Sts. *c.* 2, § 6, *cl.* 19.

2. As the signing of the contract in this form could not be authorized, the contract so signed could not be made binding on Parritt by ratification. For a ratification is only equivalent to a prior authority. *Brewster* v. *Hobart,* 15 Pick. 302; *Stetson* v. *Patten,* 2 Greenl. 358, 360; *Powell* v. *Tuttle,* 3 Comst. 396; *Whitmore* v. *Munn,* ante, 510. The rule, affirmed in *Cady* v. *Shephard,* 11 Pick. 400, that a deed executed by one partner in behalf of his firm, may be ratified by them by parol, stands on the ground that the signature is in the handwriting of one who, from the peculiarity of the partnership relation, is a principal as well as the agent.

3. Parritt's remark, that " all was right," was, at most, noth-

ing more than an admission of the *legal effect* of the contract, and could not bind him, when all was not *legally* right. *Scott* v. *Clare*, 3 Campb. 236; *Weeks* v. *Maillardet*, 14 East, 568; *Hyatt* v. *Dyrant*, cited in 9 B. Monroe, 418; *Whitmore* v. *Munn*, ut supra.

4. The deed of August 8th, 1851, does not estop Parritt to set up this defence, for a recital in a deed is an estoppel only in an action on the deed, or to enforce the rights arising under the deed, and not in a matter wholly collateral to the deed, as this is. Co. Lit. 47 *b*; *Carpenter* v. *Buller*, 8 M. & W. 209, 213; *Wiles* v. *Woodward*, 5 Welsb. Hurlst. & Gord. 557; Jarman on Conv. (3d ed.) 366, cited in 7 Man. Gr. & Sc. 319; *Johns* v. *Church*, 12 Pick. 557, 561; *Blake* v. *Tucker*, 12 Verm. 39, 46; *Mehaffy* v. *Dobbs*, 9 Watts, 363, 379.

5. None of the acts or admissions of Parritt set forth in the report amount to an estoppel *in pais;* for it is an essential element of such an estoppel, that the plaintiff should have been *thereby* induced to change his position for the worse, which does not here appear. *Heane* v. *Rogers*, 9 Barn. & Cres. 577, 586; *Welland Canal* v. *Hathaway*, 8 Wend. 480; *Commonwealth* v. *Moltz*, 10 Barr, 527, 531, 532; *Copeland* v. *Copeland*, 15 Shep. 525, 540; *Wallis* v. *Truesdell*, 6 Pick. 455; *Brewer* v. *Boston & Worcester Railroad*, 5 Met. 478, 483. In order to establish the estoppel, the plaintiff must show that he relied on the liability of Parritt, and not of the other defendants. *Cambridge Institution for Savings* v. *Littlefield*, 6 Cush. 210, 215. Besides; the acts of Parritt, done as one of the committee of the proprietors of the medical college, for whose benefit the contract was made, should not estop him personally. *Whitaker* v. *Sumner*, 7 Pick. 551.

*J. A. Bolles*, for the other defendants.

*W. Brigham*, for the plaintiff.

METCALF, J. It was objected, at the trial, that the defendants had not received notice of the exact sums that were due according to the monthly estimates, and that a demand of payment had not been made on them before action brought. This objection was overruled—rightly, we have no doubt—and the defendants, at the argument, waived it. Com. Dig Pleader, C. 75; *Punderson* v. *Shepherd*, 8 Pick. 379.

It was also objected, at the trial, that under the new agreement, made between the parties, under seal, on the 8th of August, 1851, after the commencement of this action, all right of action upon the agreement in suit was postponed or suspended till the completion of the building. And that objection is still relied on by the defendants. But the answer to it is, that by the express terms of the new agreement it was declared that nothing therein contained should release or discharge the defendants from any debt already incurred under the original agreement, and that the new agreement should in no respect be a waiver of the same, or any part thereof, but be additional thereto. And there is nothing in the provisions of the second agreement, which, by legal operation, postpones, suspends or waives a right of action on the first, or prevents the second from being, as the parties intended, merely additional to the first.

Another objection taken by the defendants, at the argument, was, that as by the second agreement the $6,000 therein provided for the plaintiff, were to be applied first to pay him for what he should thereafter do upon the building, and the disbursements he should thereafter make, and not to pay him for what he had theretofore done and disbursed, unless that sum should exceed the amount due for the work subsequently done, therefore the plaintiff is not entitled to recover for the work previously done, (which is the subject of this action,) because he had not shown that the $6,000 will all be required to pay for the work subsequently done. The same answer which was given to the last preceding objection is an answer to this. And there is another answer. The objection assumes that if there shall be any surplus of the $6,000 after paying the plaintiff his full dues for labor and materials furnished after the making of the second agreement, such surplus, by necessary implication from the terms of that agreement, must be applied towards payment to the plaintiff of what was due to him before the making of the second agreement. This assumption is unwarranted; for it is clear that such surplus, if any, was to be thus applied, only in case something should remain due to the plaintiff, for the work and materials furnished before the second agreement was made. If the amount

due for that work and those materials should be otherwise paid—whether voluntarily or on suit and judgment—the surplus was not to go into his hands.

These objections to the maintenance of the action, respected all the defendants. But Parritt sets up a defence which affects himself alone. He denies that he is bound by the contract in suit; because, as he insists, it was not so executed as to bind him. The unquestioned facts are these: [Here the judge stated the testimony of Boyden, and the recital in the preamble to the second agreement, as given, *ante,* 591, 592.] On these facts, we are of opinion that Parritt has no legal defence; but that his conduct subsequently to the affixing of his name, by Andrews, to the agreement, was a ratification or adoption of Andrews's act, and also rendered him liable as a party to the agreement, on the ground of an estoppel *in pais.* He authorized Andrews to execute the agreement for him, in some form. The exact terms of that authority are not made known to us. His name was signed by Andrews, and he afterwards said that all was right; he took into his possession one part of the agreement, (which was executed in duplicate,) and afterwards used his active efforts, as one of the building committee, to ensure the completion of the building. The counterpart of the agreement was put into the plaintiff's hands, and he, on the faith of it, proceeded in the work which, by that agreement, he had engaged to perform; supposing, and Parritt knowing that he supposed, that he had the promise of all the parties whose names were affixed to that agreement, to pay him according to its terms. The law of a case like this is as clear as its justice and equity. Even if Andrews had signed Parritt's name to the agreement, without any previous communication with him, Parritt's subsequent conduct would have bound him as a party to that agreement. *Helmsley* v. *Loader,* 2 Campb. 450; *Wilson* v. *Tumman,* 6 Man. & Gr. 236; *Maclean* v. *Dunn,* 4 Bing. 722; *Clark's Ex'ors* v. *Van Riemsdyk,* 9 Cranch, 153, 161; *Dezell* v. *Odell,* 3 Hill, 215; 1 Saund. Pl. & Ev. (2d ed.) 65.

This view of the case renders it unnecessary to inquire whether the doctrine advanced in *Wood* v. *Goodridge,* 6 Cush.

117, was originally applicable to the signature made by Andrews. It was argued that, according to that doctrine, the act of Andrews was void; and then it was said that a void act cannot be ratified. But if it be admitted that Andrews exceeded his authority, by writing Parritt's name, without more, it would not follow that Parritt could not adopt or ratify that act. Whatever may be the meaning and extent of the rule, that a void act cannot be ratified, the rule does not apply to the acts of persons assuming, without authority, to be agents, nor to the acts of acknowledged agents, which exceed their authority. See the cases above cited, and Story on Agency, § 242.

We do not regard the recital in the second agreement, that the parties thereto had made the first, as an estoppel by deed, in this action. We believe that the counsel for Parritt has rightly stated the law on this point, viz: that a recital in a deed is an estoppel only in an action on the deed, or in an action brought to enforce rights a...sing under it. Steph. Pl. (1st ed.) 239, 240; *Cullingworth's case*, Godb. 177; *Wiles* v. *Woodward*, 5 Welsb. Hurlst. & Gord. 563, 564; *Carpenter* v. *Buller*, 8 Mees. & Welsb. 209; *Bolles* v. *Beach*, 2 Zab. 695. But even in this action, that recital is strong evidence that Parritt had either originally authorized the act of Andrews, or had subsequently adopted and ratified it. We, however, deem that evidence redundant; the other evidence being sufficient to support the plaintiff's demand.

*Judgment on the verdict.*